Master Cheng Acupuncture, P.C. v Global Liberty Ins. of N.Y. (2020 NY Slip Op
51371(U))

[*1]

Master Cheng Acupuncture, P.C. v Global Liberty Ins. of
N.Y.

2020 NY Slip Op 51371(U) [69 Misc 3d 143(A)]

Decided on November 13, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2358 K C

Master Cheng Acupuncture, P.C., as
Assignee of Manuel Santiago, Respondent,
against
Global Liberty Ins. of NY, Appellant. 

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Sharon
Bourne-Clarke, J.), entered October 15, 2018. The order, insofar as appealed from and as limited
by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is modified by providing that the branch
of defendant's motion seeking summary judgment dismissing so much of the complaint as sought
to recover upon the unpaid portion of plaintiff's claims for services rendered April 17, 2014
through May 12, 2014 is granted; as so modified, the order, insofar as appealed from, is affirmed,
without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals, as limited by its brief, from so much of an order as denied its motion for summary
judgment dismissing the complaint. 
With respect to the branch of defendant's motion seeking summary judgment dismissing so
much of the complaint as sought to recover upon the unpaid portion of plaintiff's claims for
services rendered April 17, 2014 through May 12, 2014, which claims defendant had denied on
the ground that the amount sought exceeded the amount permitted by the workers' compensation
fee schedule, defendant's proof was sufficient to establish that defendant had properly paid those
claims pursuant to the workers' compensation fee schedule. In opposition, plaintiff failed to raise
a triable issue of fact with respect to this branch of defendant's motion.
Upon a review of the record, we agree with the Civil Court's determination that there is a
triable issue of fact regarding the medical necessity of the services rendered on May 23, 2014
(see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of
defendant's motion seeking summary judgment dismissing so much of the complaint as sought to
recover upon the unpaid portion of plaintiff's claims for services rendered April 17, 2014 through
May 12, 2014 is granted.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 13, 2020